UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES W. THURMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:22-CV-64-CEA-JEM |
| | ) |
| JOE GUY, MISTY SCHATZ, and | ) |
| STEVE MCKIN, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 1]. According to a letter submitted by Plaintiff with his Application, he does not have any money and his property has a lien against it [*Id*. at 3]. Plaintiff submits that he provided paperwork to the staff at the jail, but they have not completed it [*Id*.]. He states that he will provide the Court with the paperwork once he receives it [*Id*.].

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). On May 6, 2022, the Court entered an Order [Doc. 6] directing Plaintiff to submit his prisoner account statement within thirty (30) days. The Court warned Plaintiff that if he did not submit his prisoner account statement within thirty (30) days, he would be assessed the full amount of the filing fee and that the failure to pay the filing fee would warrant dismissal of his case for lack of prosecution.

Plaintiff has not submitted his prisoner account statement, and the time for doing so has expired.[1]  Given that Plaintiff has not timely complied with the Court's Order [Doc. 6], the Court **RECOMMENDS** that Plaintiff's Application [**Doc. 1**] be **DENIED**.[2]  The Court further **RECOMMENDS** that Plaintiff be afforded fourteen (14) days to pay the filing fee and that the failure to do so will result in a dismissal of his case without prejudice.  *See Young v. Cameron*, No. 3:20-CV-680-DJH, 2020 WL 13093863, at *2 (W.D. Ky. Oct. 13, 2020) (directing plaintiff to pay the filing fee or file a fully completed *in forma pauperis* form and warning that failure to do so will result in dismissal of the action without prejudice); *Washington v. Berryhill*, No. 18-2385-SHM-TMP, 2018 WL 11260461, at *1 (W.D. Tenn. June 5, 2018) ("If the plaintiff fails to file a properly completed *in forma pauperis* application or pay the filing fee within thirty days, his complaint may be dismissed without prejudice.").

Respectfully submitted,

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[1] The Order [Doc. 6] directing Plaintiff to submit his prison account statement form was returned as undeliverable [Doc. 7].  Local Rule 83.13 requires pro se parties to notify the Clerk of any address changes.  E.D. Tenn. L.R. 83.13.  Further, the Local Rule states, "The failure of a pro se plaintiff to timely respond to an order or pleading addressed to the last addressed provided to the Court may result in dismissal of the case or other appropriate sanction."  *Id.*

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Fed. R. Civ. P. 72(b)(2).  Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b).  Failure to file objections within the time specified waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985).  "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'"  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).  Only specific objections are reserved for appellate review.  *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).