UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES W. THURMAN, ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | Case No. 3:22-cv-64 |
| v. ) | |
| ) | Judge Atchley |
| JOE GUY, MISTY SCHATZ, and STEVE ) | |
| MCKIN, ) | Magistrate Judge McCook |
| ) | |
|    *Defendants*. ) | |

## **ORDER**

On June 10, 2022, United States Magistrate Judge Jill E. McCook filed a Report and Recommendation ("R&R") [Doc. 8] pursuant to 28 U.S.C. § 636 and the Rules of this Court. Judge McCook recommends that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 1] be denied, and that Plaintiff be afforded fourteen days to pay the filing fee. [Doc. 8]. The R&R was mailed to Plaintiff but returned as undeliverable. [Doc. 9]. After receiving a letter from Plaintiff, the R&R was remailed on July 18, 2022. [Doc. 10].

While Plaintiff has not filed a formal objection to the R&R,[1] he has sent several letters that may be construed as such. [*See* Docs. 10, 11, 12]. Particularly, the letter received on July 29, 2022 [Doc. 11], seems to be an attempt to explain Plaintiff's financial situation. Still, the letter did not provide the information needed for his Application. Plaintiff did not comply with the administrative requirements of this Court and, to date, has yet to do so.[2]

---

[1] Magistrate Judge McCook advised that Plaintiff had 14 days in which to object to the Report and Recommendation and that failure to do so would waive any right to appeal. (Doc. 24 at 17 n.3); *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

[2] The Order directing Plaintiff to submit his prison account statement form was returned as undeliverable. [Docs. 6, 7]. However, Local Rule 83.13 explains that "[t]he failure of a pro se plaintiff to timely respond to an order or pleading

The Court further notes that, even had Plaintiff *not* failed to comply with the administrative requirements of this Court, this is not the appropriate venue to hear the claim at issue. The complaint revolves around an eviction request. [*See* Doc. 2 (wherein eviction is clearly requested, though the remainder of the information provided is difficult to understand)]. Additionally, nothing provided to the Court establishes proper subject matter jurisdiction—be it federal question jurisdiction or diversity jurisdiction.[3]

Thus, for the reasons above, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge McCook's findings of fact and conclusions of law as set forth in the Report and Recommendation [Doc. 8]. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1] is **DENIED**. Plaintiff has not yet complied with the administrative requirements of this Court, and subject matter jurisdiction does not exist for the underlying claim at issue. Therefore, this action is **DISMISSED without prejudice**.

       SO ORDERED.

                                              */s/ Charles E. Atchley, Jr.*
                                              **CHARLES E. ATCHLEY, JR.**
                                              **UNITED STATES DISTRICT JUDGE**

---

addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate sanction." E.D. Tenn. L.R. 83.13.

[3] Diversity jurisdiction has not been established. Even though Plaintiff has requested "seven hundred thousand" [Doc. 2 at 5] dollars in damages, which is dubious in its own right, there is no pleading of diversity of citizenship. Rather, the Defendants appear to all reside within McMinn County. [*See* Doc. 2 at 3].